FILED 08 NOV 12 1455 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CITIZENS FOR CONSTITUTIONAL
FAIRNESS, et al.,

        Plaintiffs,

v.

JACKSON COUNTY, et al.,

        Defendants.

Civ. No. 08-3015-PA

**FINDINGS OF FACT
AND
CONCLUSIONS OF LAW**

**PANNER, J.**

    Plaintiffs own property in Jackson County. Following the requirements of Ballot Measure 37, Jackson County agreed to waive zoning restrictions that were imposed after plaintiffs acquired their property. However, when Oregon voters passed Ballot Measure 49 in 2007, superseding Ballot Measure 37, Jackson County decided that it would not honor the Measure 37 waivers.

    I conclude that plaintiffs' Measure 37 waivers are valid and must be honored by Jackson County. These are my findings of fact

1 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

and conclusions of law after the court trial. Fed. R. Civ. P. 52(a).

## FINDINGS OF FACT

Measure 37 "requires state and local governments to compensate private property owners for the reduction in the fair market value of their real property that results from any land use regulations of those governmental entities that restrict the use of the subject properties." MacPherson v. Department of Admin. Servs., 340 Or. 117, 122, 130 P.3d 308, 312 (2006). Measure 37 allowed governments to choose between paying compensation to property owners for loss of fair market value, or waiving enforcement of land use regulations.

Here, each plaintiff filed a timely claim under Measure 37 against Jackson County, seeking monetary compensation for reduced fair market value. The County Administrator for Jackson County investigated the claims and referred them to the Board of County Commissioners (the Board) for decision. The Board held public hearings and determined as to each plaintiff that the claims were valid. Because Jackson County could not pay monetary compensation, the Board instead waived enforcement of zoning changes.

Plaintiff Velma A. Dickey's claim is a good example of the claims at issue here. Since 1971, Mrs. Dickey has had an ownership interest in about 70 acres adjacent to Interstate 5 at

an exit between Talent and Ashland. When Mrs. Dickey and her late husband acquired the property, there were no zoning restrictions on it. The Dickeys held the property, which was well-situated for development, as a long-term investment for their retirement.

The Dickeys received permits to build a service station and a motel. They hired experts to create plans for developing the remainder of the property. Although the property is zoned Exclusive Farm Use, a soil engineer retained by the Dickeys found that the land was not suited for agriculture. Mrs. Dickey sought to change the EFU zoning, but in August 2004 she was told that the Oregon Land Use Board of Appeals considered the requested zoning change to be "problematic."

When Measure 37 was enacted later in 2004, Mrs. Dickey concluded that bringing a claim under the new law would be her best chance to develop the property. She filed a Measure 37 claim with Jackson County in May 2005, asserting that zoning changes after she acquired the property reduced its fair market value by about $30 million.

In March 2006, Jackson County issued an order issued by the Board confirming Mrs. Dickey's claim. Each plaintiff received a similar order, containing a legal description of the property at issue; the date on which the claimant first acquired an ownership interest; and a detailed list of the zoning restrictions that

were in effect when the claimant first acquired the property, and the zoning restrictions that were imposed after the claimant's acquisition. Each order states that the claim is valid and specifies the zoning regulations that Jackson County will not apply to the property. The orders also state that Jackson County does not promise that the claimant will be allowed to put the property to any particular use. Each order is signed by the chair of the Jackson County Board of Commissioners and notarized.

Each order requires that it be recorded in the official county title records for the property. The orders are known as waivers because of the promise to waive enforcement of zoning changes.

After receiving the Measure 37 waiver, Mrs. Dickey submitted a plat describing potential uses for her property, including dividing it into seven lots. In March 2007, she requested a pre-application conference with Jackson County. In November 2007, Jackson County held a conference to consider Mrs. Dickey's proposal. At Jackson County's request, the proposal included the relocation of a road to eliminate a dangerous curve.

Later in November 2007, Jackson County issued a report on the conference, stating that Mrs. Dickey needed to show that the State of Oregon had issued a final Measure 37 order allowing the requested development. Mrs. Dickey did not have such an order,

4 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

and could not determine how she could obtain one. In the Measure 37 waivers, Jackson County had stated that it had no opinion on whether property owners were required to file Measure 37 claims with the State of Oregon.

In December 2007, shortly after Jackson County issued its report on Mrs. Dickey's claim, Measure 49 took effect. Measure 49 replaced Measure 37's compensation provisions. ORS 195.305; see Corey v. Dep't of Land Conservation and Dev., 344 Or. 457, 465, 184 P.3d 1109, 1113 (2008). Mrs. Dickey states that she does not qualify for relief under Measure 49.

Jackson County notified plaintiffs that it would not honor Measure 37 waivers because Measure 49 effectively nullified the waivers. The Board refused to act on a petition from Measure 37 claimants seeking ratification of Measure 37 waivers. Plaintiffs then brought this action against Jackson County and Danny Jordan, Jackson County's chief administrative officer.

## CONCLUSIONS OF LAW

### I. Measure 37 Waivers Are Constitutionally Protected Contracts

Plaintiffs argue that the Measure 37 waivers are binding, constitutionally protected contracts between plaintiffs and Jackson County. I agree.

#### A. Standards for Contract Clause Claims

The Contract Clause of the United States Constitution provides, "No State shall . . . pass any . . . Law impairing the

5 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1. Courts use a three-step test to resolve claims under the Contract Clause. First, the court determines whether the state law substantially impairs a contractual relationship. RUI One Corp. v. City of Berkeley, 371 F.3d 1137, 1147 (9th Cir. 2004) (citing Energy Reserves Group, Inc. v. Kansas Power & Light Co., 459 U.S. 400, 411 (1983)). The court then asks whether the state has a significant and legitimate public purpose for the regulation. Id. Finally, the court determines whether "the adjustment of 'the rights and responsibilities of contracting parties is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption.'" Id. (quoting Energy Reserves, 459 U.S. at 412-13) (further citation and quotation marks omitted)).

### B. Application of the Test

In determining whether a state law substantially impairs a contractual relationship, the court considers "whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial." General Motors Corp. v. Romein, 503 U.S. 181, 186 (1992).

Under Oregon law, "[c]ontract formation requires 'a bargain in which there is a manifestation of mutual assent to the exchange and a consideration.'" Ken Hood Constr. Co. v. Pacific

6 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

Coast Constr., Inc., 201 Or. App. 568, 578, 120 P.3d 6, 11 (2005)(quoting Restatement (Second) of Contracts § 17(1) (1981)), modified, 203 Or. App. 768, 126 P.3d 1254, rev. denied, 341 Or. 366, 143 P.3d 239 (2006). The Oregon Court of Appeals has defined "consideration":

> Consideration is "the accrual to one party of some right, interest, profit or benefit or some forbearance, detriment, loss or responsibility given, suffered, or undertaken by the other." Shelley v. Portland Tug & Barge Co., 158 Or. 377, 387, 76 P.2d 477 (1938). Under that definition, "benefit" means that the promisor has, in return for the promise, acquired a legal right to which the promisor would not otherwise be entitled; "detriment" means that the promisee has forborne some legal right that the promisee would otherwise have been entitled to exercise. Id. at 388, 76 P.2d 477.

McPhail v. Milwaukie Lumber Co., 165 Or. App. 596, 600-01, 999 P.2d 1144, 1148 (2000).

Applying these contract principles, I conclude that the Measure 37 waivers are binding contracts between plaintiffs and Jackson County. The waivers are in effect settlement agreements between Jackson County and each plaintiff, because the waivers allow the parties to avoid potentially costly and protracted litigation. The wording of waivers and the parties' conduct show a mutual intent that the waivers would be binding on plaintiffs and on Jackson County.

There was mutual consideration. Plaintiffs' consideration was the agreement to drop their claims for monetary compensation. Jackson County's consideration was its waiver of otherwise

7 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

applicable zoning regulations.

Jackson County's refusal to honor Measure 37 waivers obviously impaired its agreements with plaintiffs. This impairment was substantial by any definition of the word.

For purposes of this analysis, I assume that Measure 49 has a significant and legitimate public purpose. Measure 49 amended Measure 37 and "altered the claims and remedies available to landowners." Corey, 344 Or. at 463, 184 P.3d at 1112.

Even when a state law that substantially impairs contractual rights has a valid public purpose, the law still may violate the Contract Clause if the law's effects go beyond its legitimate purpose. Under Jackson County's interpretation, Measure 49 would not just modify plaintiffs' contractual rights under the Measure 37 waivers, it would eliminate them. To avoid an interpretation of Measure 49 that would violate plaintiffs' rights under the Contract Clause, I conclude that Measure 49 does not apply to plaintiffs' Measure 37 waivers. See Clark v. Martinez, 543 U.S. 371, 380-81 (2005) (courts should reject a statutory construction that raises constitutional problems if an alternate construction would not raise such problems). I am not ruling that Measure 49 is unconstitutional, but rather that Jackson County may not rely on Measure 49 as an excuse to avoid its obligations under plaintiffs' Measure 37 waivers.

This ruling does not give plaintiffs free rein to develop

8 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

their property. Just as Jackson County must honor its obligations under the Measure 37 waivers, so plaintiffs must comply with the conditions imposed by the waivers, which include applicable zoning restrictions.

## II. Measure 37 Waivers Are Quasi-Judicial

Alternatively, I conclude that Measure 37 waivers are final quasi-judicial orders, and that Measure 49 cannot rescind the waivers without violating separation of powers.

### A. Standards for Determining Whether an Act is Quasi-Judicial

In Oregon, a county may act in a quasi-judicial role when exercising its zoning authority. See Columbia Hills Dev. Co. v. Land Conservation and Dev. Comm'n, 50 Or. App. 483, 492, 624 P.2d 157, 161 (1981). In determining whether a county's decision is quasi-judicial, the court should consider whether the process calls for a decision that is limited by preexisting criteria, or allows a discretionary choice between action or inaction; whether the decisionmaker must apply preexisting rules to the facts; and whether the decision applies to a limited situation or a small number of persons. See Hood River Valley v. Board of County Commissioners, 193 Or. App. 485, 495, 91 P.3d 748, 754 (2004) (citing Strawberry Hill 4 Wheelers v. Benton County Bd. of Comm'rs, 287 Or. 591, 602-04, 601 P.2d 769, 775-76 (1979)). The court must balance these factors. Id.

9 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

### B. Measure 37 Waivers Are Quasi-Judicial

Here, Jackson County's decision to grant or deny a waiver was limited by the requirements of Measure 37, rather than left to the county's discretion. Jackson County's Board of Commissioners was required to apply Measure 37's standards for granting waivers to each property owner's particular circumstances, including the date that the property was acquired, the applicable zoning, and the alleged loss of fair market value. I conclude that Jackson County's decision to grant or deny a Measure 37 waiver was quasi-judicial. See Citizens For Responsibility v. Lane County, 207 Or. App. 500, 503, 142 P.3d 486, 488 (2006) ("The county's review of the permit application at issue here is, of course, quasi-judicial in nature.").

A party may seek judicial review of a quasi-judicial decision. See Butchart v. Baker County, 214 Or. App. 61, 71, 166 P.3d 537, 543 (2007); cf. Corey, 344 Or. at 466-67, 184 P.3d at 1114 (declining to rule on proper avenue for judicial review of Measure 37 waiver issued by the Department of Land Conservation and Development). Here, neither plaintiffs nor Jackson County sought judicial review of the Measure 37 waivers. Instead, after passage of Measure 49, Jackson County unilaterally announced that it would not honor Measure 37 waivers. Measure 49, a legislative act, cannot overrule Jackson County's quasi-judicial decision to grant a Measure 37 waiver. Our system of separation of powers

10- FINDINGS OF FACT AND CONCLUSIONS OF LAW

does not allow legislation to set aside a judicial decision. See Roles Shingle Co. v. Bergerson, 142 Or. 131, 136, 19 P.2d 94, 96 (1933).

## CONCLUSION

Plaintiffs' Measure 37 waivers are valid and enforceable.

DATED this ___12___ day of November, 2008.

*[signature]*
OWEN M. PANNER
U.S. DISTRICT JUDGE

11 - FINDINGS OF FACT AND CONCLUSIONS OF LAW